UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 03-11474-DHW
                                                    Chapter 7
GLAZING CONTRACTORS, INC.,

    Debtor.
_____

GLAZING CONTRACTORS, INC.,

    Plaintiff,
v.                                                  Adv. Proc. No. 04-1314-DHW

GMAC,

    Defendant.

MEMORANDUM OPINION

Glazing Contractors, Inc., the debtor in the underlying chapter 7 case, filed this adversary proceeding on December 16, 2004 for damages under 11 U.S.C. § 362(h) for alleged willful violations of the automatic stay by GMAC. Glazing later amended the complaint to include a count for contempt under 11 U.S.C. § 105.

GMAC filed a motion for summary judgment. A hearing on the motion was held on April 27, 2005 in Dothan, Alabama. Glazing appeared through counsel Cameron A. Metcalf; Glazing appeared through counsel Joy J. Minner.

Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. § 1334 and the United States District Court for this district's general order of reference of title 11 matters. Further, because this matter

seeks sanctions for violation of the automatic stay, it is a core proceeding under 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

Undisputed Facts

Glazing filed a petition for relief under chapter 7 in this court on June 27, 2003, listing GMAC as one of its creditors. GMAC received notice of the bankruptcy.[1]

One month later, GMAC filed a motion for relief from stay to enforce its liens on two vehicles owned by Glazing.[2] The court entered an order granting the motion provided that no objection was filed on or before noon on August 20, 2003. No objection was filed within the time fixed, and the stay was terminated without further order to permit GMAC to repossess the vehicles.

One year later, GMAC filed another motion for relief from stay to enforce its lien on another vehicle, a 2000 Chevrolet GMT 400.[3] No objection to the motion was filed, and the stay lifted by final order entered August 20, 2004.

GMAC repossessed the vehicle in September 2004 and sold the vehicle in October 2004. GMAC applied the proceeds of the sale to the indebtedness. A deficiency balance remained.

GMAC sent four separate letters to Glazing demanding payment of

---

[1] On or about July 1, 2003, the clerk of court sent notice of the commencement of the case to GMAC . Later, on or about August 11, 2003, the clerk gave notice to GMAC regarding the filing of a proof of claim.

[2] The motion was filed by GMAC on July 25, 2003.

[3] GMAC filed the motion on July 27, 2004.

2

the unsecured balance of the loan.[4]  Glazing's bankruptcy case was open at the time GMAC mailed the four letters.  GMAC did not receive any payment either from the debtor or the trustee on account of its unsecured deficiency claim.[5]

Conclusions of Law

Under Fed. R. Civ. Proc. 56(c), made applicable to bankruptcy proceedings by Fed. R. Bankr. Proc. 7056, summary judgment is appropriate when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The movant must show that the non-moving party lacks sufficient evidence to support an essential element of its claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325,106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Jones v. City of Columbus*, 120 F.3d 248, 251 (11th Cir.1997).  Further, the facts must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Glazing originally brought this adversary proceeding solely under 11 U.S.C. § 362(h).[6]  Relief under that section, however, is available only to individual — not corporate — debtors who have been damaged by a willful violation of the automatic stay.

---

[4] The notices were dated October 26, 2004, November 10, 2004, November 25, 2004 and December 2, 2004.

[5] This is an asset chapter 7 case.  The trustee filed a final accounting reflecting payment only to creditors with priority claims.  The case is ripe for closing.

[6] The statute provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

3

The court will next consider the amended count for contempt under 11 U.S.C. § 105.[7]

Section 105(a) allows the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105 "creates a statutory contempt power . . . distinct from the court's inherent contempt powers." *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1553 (11th Cir. 1996). Though relief under section 362(h) is mandatory, relief under section 105 is discretionary. *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1552 (11th Cir. 1996).

GMAC contends that no stay violation occurred because it obtained relief from the stay before proceeding with collection. However, the order terminating the stay permitted GMAC only to enforce its lien "against the property of the estate or of the debtor described in the motion." *See Order Terminating Stay* (Docket Entry #39). The order did not permit GMAC to collect any deficiency balance from Glazing.

In a chapter 7 corporate case, the automatic stay of acts other than those against property of the estate continues until the time the case is closed or dismissed, whichever is earlier. 11 U.S.C. § 362(c)(2).[8] In the instant case, the automatic stay against *in personam* collection currently remains in effect because the case has been neither closed nor dismissed. GMAC has not moved for relief from the stay for the purpose collecting the deficiency balance.

Therefore, the letters violated the automatic stay. The court further concludes that the violation was willful because GMAC knew of the

---

[7] The Eleventh Circuit has "characterized the automatic stay of 11 U.S.C. § 362(a) as 'essentially a court-ordered injunction, [and] any person or entity who violates the stay may be found in contempt of court.'" *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1546 (11th Cir. 1996) (citation omitted).

[8] Under 11 U.S.C. § 362(c), "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate."

4

automatic stay and intended the actions which violated the stay. *Jove*, 92 F.3d at 1560.[9]

The court has discretion in assessing damages under 11 U.S.C. § 105. *Id.* The purpose of sanctions for civil contempt is to "(1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order." *Jove*, 92 F.3d at 1557.

In the instant case, there is no evidence of a continuing violation of the automatic stay. Therefore, damages would be appropriate only to compensate Glazing for any loss or expense incurred due to past violations.

*Jove* instructs the court as follows regarding the assessment of sanctions:

> If the elements of contempt exist subject to the statutory powers of the enforcing court under 11 U.S.C. § 105, the character of the circumstances is more properly a function of the assessment of sanctions than of the determination whether there was violation, and therefore a contempt.

*Jove*, 92 F.3d at 1557-58.

In the instant case, the circumstances reflect a corporate chapter 7 debtor who received four letters demanding payment while the automatic stay was in effect. Most if not all of the corporation's property became property of the estate upon the filing of the petition, and the corporation ceased to operate. Following liquidation of estate assets by the trustee, the corporation will not receive a discharge of the *in personam* liability. The

---

[9] Whether the creditor had the specific intent to violate the stay is immaterial. *Id.*

letters did not result in any damage to the corporate chapter 7 debtor.[10]

Nor did the letters result in any damage to the chapter 7 bankruptcy estate. The letters did not interfere with the administration of the estate and did not result in the transfer of estate property. If damage to the estate had ensued, the chapter 7 trustee —not the debtor— would be the proper party to seek redress.

*Jove* is easily distinguishable in this regard: *Jove* involved a corporate chapter 11 debtor in possession.[11] A debtor in possession has most of the responsibilities of a trustee serving in chapter 11. 11 U.S.C. § 1107. Therefore, a letter demanding payment from a debtor in possession is tantamount to demanding payment from an estate trustee. Demands for payment from a trustee can interfere with the administration of the estate.

Upon consideration of the circumstances, the court concludes in its discretion and as a matter of law that under the undisputed facts, sanctions are not warranted. Accordingly, it is

ORDERED that GMAC's motion for summary judgment is GRANTED.

Done this 6th day of May, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Cameron A. Metcalf, Attorney for Debtor/Plaintiff
   Joy J. Minner, Attorney for Defendant

---

[10] Even if four letters could cause an individual to suffer emotional distress, a corporation is not capable of experiencing emotional distress.

[11] A chapter 11 corporate debtor usually reorganizes and receives a discharge of *in personam* liability. Indeed, *Jove* was such a reorganization case.